IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES MASTERSON, REBECCA
TENGES, and THE MASTERSON
METHOD, INC.,

      Plaintiffs,

      v.

                           Case No. 2026-cv-0365-wmc

DAN HERETH, in his official capacity as
Secretary of Wisconsin's Department of
Safety and Professional Services, and
JOSH KAUL, in his official capacity as
Wisconsin's Attorney General,

      Defendants.

---

## ANSWER TO COMPLAINT

---

Defendants Dan Hereth and Josh Kaul, in their official capacities, and by their undersigned attorneys, answer Plaintiffs James Masterson, Rebecca Tenges, and The Masterson Method, Inc.'s complaint as follows. Defendants deny any allegations in the complaint that are not expressly admitted in this answer, including allegations that contain narrative argument and legal conclusions to which no response is required.

## INTRODUCTION

The introduction to plaintiffs' complaint contains narrative argument and legal conclusions to which no response is required. Defendants lack

knowledge or information sufficient to form a belief about the remaining allegations in the introduction, that plaintiffs wish to teach Masterson's method of animal care to students who are eager to learn.

## JURISDICTION AND VENUE

1. Defendants admit that plaintiffs bring this civil rights action under the First and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; and 28 U.S.C. §§ 2201-02.

2. Defendants admit that plaintiffs seek declaratory and injunctive relief against the enforcement of Wis. Stat. § 440.52 and Wis. Admin. Code SPS § 401.01, *et seq.,* and against the Department's relevant practices and policies. The remainder of Paragraph 2 contains narrative argument and legal conclusions to which no response is required.

3. Paragraph 3 is a legal conclusion to which no response is required.

4. Paragraph 4 is a legal conclusion to which no response is required. Defendants admit that they operate in their official capacities in Madison, Wisconsin.

## THE PARTIES

**Plaintiffs**

5. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 5.

6.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 6.

7.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 7.

8.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 8.

**Defendants**

9.    Defendants admit that Dan Hereth is the Secretary of the Department of Safety and Professional Services and that he is sued in his official capacity.

10.    Defendants admit that Hereth is vested by statute with certain powers and duties of the Department.

11.    Defendants admit that Wisconsin's Educational Approval Program is housed within the Department, which administers the statutory provisions in Wis. Stat. § 440.52. To the extent that the Paragraph 11 is inconsistent with Wis. Stat. § 440.52 or other applicable provisions, defendants deny.

12.    Paragraph 12 contains narrative argument and legal conclusions to which no response is required.

13.    Defendants admit that Josh Kaul is the Attorney General of Wisconsin and that he is sued in his official capacity.

14.    Defendants admit that Attorney General Kaul is vested with certain enforcement powers under Wis. Stat. § 440.52(8)(h) and (10)(d). To the extent that the allegations in Paragraph 14 are inconsistent with Wis. Stat. § 440.52(8)(h) or (10)(d) or other applicable provisions, defendants deny.

15.    Paragraph 15 contains narrative argument and legal conclusions to which no response is required.

16.    Defendants deny the allegations in Paragraph 16.

17.    Paragraph 17 contains narrative argument and legal conclusions to which no response is required.

## FACTUAL BACKGROUND

**Jim has developed an internationally known method of animal care.**

18.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 19.

20.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 20.

21.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 21.

22.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 22.

23.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 23.

24.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 24.

25.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 25.

26.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 26.

27.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 27.

28.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 28.

29.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 29.

30.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 30.

31.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 31.

32.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 42.

43. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 46.

47. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 48.

**Becky Tenges is committed to the Masterson Method**

49. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 53.

54.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 54.

55.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 55.

56.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 56.

57.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 57.

**Wisconsin's Department of Safety and Professional Services tells Jim to stop offering his courses.**

58.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 58.

59.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 59.

60.    Defendants admit that Colleen Uhlenkamp contacted Masterson's school by email on March 22, 2023.

61.    The email communications that plaintiffs refer to in Paragraph 61 speak for themselves. To the extent that the allegations are inconsistent with the email communications, defendants deny.

62. Defendants admit that Megan Dushin engaged in communications with Uhlenkamp and that those communications are included as exhibits. The email communications that plaintiffs refer to in Paragraph 62 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

63. The email communications that plaintiffs refer to in Paragraph 63 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

64. Defendants admit the allegations in Paragraph 64.

65. The email communications that plaintiffs refer to in Paragraph 65 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

66. The email communications that plaintiffs refer to in Paragraph 66 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

67. The email communications that plaintiffs refer to in Paragraph 67 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

68. The email communications that plaintiffs refer to in Paragraph 68 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

69.    The email communications that plaintiffs refer to in Paragraph 69 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

70.    The email communications that plaintiffs refer to in Paragraph 70 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

71.    The email communications that plaintiffs refer to in Paragraph 71 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

72.    The email communications that plaintiffs refer to in Paragraph 72 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

73.    The email communications that plaintiffs refer to in Paragraph 73 speak for themselves. To the extent that the allegations are inconsistent with the communications, defendants deny.

**Wisconsin's regulatory scheme imposes incredible burdens on schools like Jim's.**

74.    Defendants admit that their position is that Masterson's school is subject to the provisions of Wis. Stat. § 440.52.

75.     The statute that plaintiffs refer to, Wis. Stat. § 440.52(1)(e), speaks for itself. To the extent that Paragraph 75 misstates or mischaracterizes the law, defendants deny.

76.     The statute that plaintiffs refer to, Wis. Stat. § 440.52(1)(e)(4), speaks for itself. To the extent that Paragraph 76 misstates or mischaracterizes the law, defendants deny.

77.     Paragraph 77 contains narrative argument and legal conclusion to which no response is required.

78.     Paragraph 78 contains narrative argument and legal conclusion to which no response is required.

79.     Paragraph 79 contains narrative argument and legal conclusion to which no response is required.

80.     Paragraph 80 contains narrative argument and legal conclusion to which no response is required.

81.     The statutory provision referred to in Paragraph 81, Wis. Stat. § 100.18(1), speaks for itself. To the extent that Paragraph 81 misstates or mischaracterizes the law, defendants deny. Further, the remaining allegations in Paragraph 81 contain narrative argument and legal conclusion to which no response is required.

82.     The statute that plaintiffs refer to, Wis. Stat. § 440.52(7), speaks for itself. To the extent that Paragraph 82 misstates or mischaracterizes the

11

law, defendants deny. The remaining allegations in Paragraph 82 contain narrative argument and legal conclusion to which no response is required.

83. The statute that plaintiffs refer to, Wis. Stat. § 440.52(2), speaks for itself. To the extent that Paragraph 83 misstates or mischaracterizes the law, defendants deny. Further, the remaining allegations in Paragraph 83 contain narrative argument and legal conclusion to which no response is required.

84. The statutory provisions referred to in Paragraph 84, Wis. Stat. § 440.52, speak for themselves. To the extent that Paragraph 84 misstates or mischaracterizes the law, defendants deny. The remaining allegations in Paragraph 84 contain narrative argument and legal conclusion to which no response is required.

85. The statute referred to in Paragraph 85, Wis. Stat. § 440.52(7)(a), speaks for itself. To the extent that Paragraph 85 misstates or mischaracterizes the law, defendants deny.

86. The statute referred to in Paragraph 86, Wis. Stat. § 440.52(7)(b), speaks for itself. To the extent that Paragraph 86 misstates or mischaracterizes the law, defendants deny.

87. The statute referred to in Paragraph 87, Wis. Stat. § 440.52(7)(i), speaks for itself. To the extent that Paragraph 87 misstates or mischaracterizes the law, defendants deny.

88. The statutes referred to in Paragraph 88, Wis. Stat. § 440.52(7)(d)–(e) speaks for itself. To the extent that Paragraph 88 misstates or mischaracterizes the law, defendants deny.

89. The statute referred to in Paragraph 89, Wis. Stat. § 440.52(7)(f), speaks for itself. To the extent that Paragraph 89 misstates or mischaracterizes the law, defendants deny.

90. The statutory provisions referred to in Paragraph 90, in Wis. Stat. § 440.52, speak for themselves. To the extent that Paragraph 90 misstates or mischaracterizes the law, defendants deny. The remaining allegations in Paragraph 90 contain narrative argument and legal conclusion to which no response is required.

91. The statutory provision referred to in Paragraph 91, Wis. Stat. § 440.52(3), speaks for itself. To the extent that Paragraph 91 misstates or mischaracterizes the law, defendants deny. Further, Paragraph 91 contains narrative argument to which no response is required.

92. The statutory provisions referred to in Paragraph 92, Wis. Stat. § 440.52(10)(a)–(b), speak for themselves. To the extent that Paragraph 92 misstates or mischaracterizes the law, defendants deny. Further, Paragraph 92 contains narrative argument to which no response is required.

93. Defendants admit that the Department has promulgated regulations governing aspects of the Educational Approval Program under its

statutory authority. To the extent that plaintiffs allege that the Department has promulgated regulations that are in excess of its authority or otherwise improper, defendants deny.

94.    The regulatory provisions referred to in Paragraph 94, Wis. Admin. Code SPS § 404.04(6), speaks for itself. To the extent that Paragraph 94 misstates or mischaracterizes the law, defendants deny.

95.    The regulatory provision referred to in Paragraph 95, Wis. Admin. Code SPS § 404.04(2), speaks for itself. To the extent that Paragraph 95 misstates or mischaracterizes the law, defendants deny.

96.    The regulatory provisions referred to in Paragraph 96, in Wis. Admin. Code SPS § 404.04, speak for themselves. To the extent that Paragraph 96 misstates or mischaracterizes the law, defendants deny.

97.    The regulatory provisions referred to in Paragraph 97, in Wis. Admin. Code SPS § 404.04, speak for themselves. To the extent that Paragraph 97 misstates or mischaracterizes the law, defendants deny.

98.    Defendants deny the allegations in Paragraph 98. The EAP Forms referred to in Paragraph 98 speak for themselves. To the extent that the allegations misstate or are inconsistent with the EAP Forms, defendants deny.

99.    Defendants admit that the EAP Forms that plaintiffs refer to are included as exhibits to the complaint.

100. The regulatory provisions and EAP Forms that plaintiffs refer to in Paragraph 100(a)–(m) speak for themselves. To the extent that Paragraph 100(a)–(m) misstates or mischaracterizes the law, defendants deny. To the extent that Paragraph 100(a)–(m) misstates or mischaracterizes the EAP Forms, defendants deny. The remainder of remainder of Paragraph 100 contains narrative argument and legal conclusions to which no response is required.

101. The regulatory provision that plaintiffs refer to in Paragraph 101, Wis. Admin. Code § 404.01(2m), speaks for itself. To the extent that Paragraph 101 misstates or mischaracterizes the law, defendants deny.

102. Defendants deny the allegations in Paragraph 102.

103. The statutory and regulatory provisions referred to in Paragraph 103 speak for themselves. To the extent that Paragraph 103 misstates or mischaracterizes the law, defendants deny.

104. The statutory provision and EAP Form referred to in Paragraph 104, Wis. Stat. § 440.52(10)(a), speak for themselves. To the extent that Paragraph 104 misstates or mischaracterizes the law, defendants deny. To the extent that Paragraph 104 misstates or mischaracterizes the EAP Form, defendants deny.

105. The regulatory provision that Paragraph 105 refers to, Wis. Admin. Code SPS § 404.01(2), speaks for itself. To the extent that Paragraph 105 misstates or mischaracterizes the law, defendants deny.

106. The EAP Form that Paragraph 106 refers to speaks for itself. To the extent that Paragraph 106 misstates or mischaracterizes the EAP Form, defendants deny.

107. The regulatory provisions that Paragraph 107 refers to, Wis. Admin. Code SPS § 404.01(1)–(2), speak for themselves. To the extent that Paragraph 107 misstates or mischaracterizes the law, defendants deny.

108. The statutory and regulatory provisions that Paragraph 108 refers to, in Wis. Stat. § 440.52 and Wis. Admin Code SDS § 404.10 speak for themselves. To the extent that Paragraph 108 misstates or mischaracterizes the law, defendants deny.

109. Defendants deny the allegations in Paragraph 109.

110. The statutory and regulatory provisions referred to in Paragraph 110, Wis. Stat. § 440.52(8)(i) and (10)(e), speak for themselves. To the extent that Paragraph 110 misstates or mischaracterizes the law, defendants deny. Defendants deny the remainder of Paragraph 110.

111. The statutory and regulatory provisions referred to in Paragraph 111, Wis. Stat. § 440.52(8)(i) and (10)(e), speak for themselves. To the extent that Paragraph 111 misstates or mischaracterizes the law, defendants deny.

16

112.    Defendants deny the allegations in Paragraph 112.

**The Act's extensive burdens on Plaintiffs' freedom of speech ensure that Plaintiffs will continue to suffer injury and irreparable harm.**

113.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 113.

114.    Paragraph 114 contains a legal conclusion to which no response is required.

115.    Paragraph 115 contains a legal conclusion to which no response is required.

116.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 116, concerning what plaintiffs want to do. The remainder of the allegations in Paragraph 116 contain narrative argument and legal conclusions to which no response is required.

117.    Paragraph 117 contains a legal conclusion to which no response is required.

118.    Paragraph 118 contains a legal conclusion to which no response is required.

119.    Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 119.

120. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 120.

121. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 121.

122. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 122.

123. Defendants admit that schools operating pursuant to the Educational Approval Program must maintain a surety bond but lack knowledge or information sufficient to form a belief about the allegation in Paragraph 123 concerning the bond amount in Masterson's case.

124. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125. Further, Paragraph 125 contains a legal conclusion about the constitutionality of the statute to which no response is required.

126. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 126. Further, Paragraph 126 contains legal conclusions to which no response is required.

127. Defendants deny the allegations in Paragraph 127. Further, Paragraph 127 contains legal conclusions to which no response is required.

128. Defendants deny the allegations in Paragraph 128. Further, Paragraph 128 contains legal conclusions to which no response is required.

129. Paragraph 129 contains narrative argument and legal conclusions to which no response is required.

130. Paragraph 130 contains narrative argument and legal conclusions to which no response is required.

131. Paragraph 131 contains narrative argument and legal conclusions to which no response is required.

132. Defendants deny the allegations in Paragraph 132. Further, Paragraph 132 contains legal conclusions to which no response is required.

133. Defendants deny the allegations in Paragraph 133. Further, Paragraph 133 contains legal conclusions to which no response is required.

134. Defendants deny the allegations in Paragraph 134. Further, Paragraph 134 contains legal conclusions to which no response is required.

135. Paragraph 135 contains narrative argument and legal conclusions to which no response is required.

**The Act lacks a constitutionally sufficient justification.**

136. Paragraph 136 contains narrative argument and legal conclusions to which no response is required.

137. Defendants deny the allegations in Paragraph 137.

138. Paragraph 138 contains narrative argument and legal conclusions to which no response is required.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

## CLAIM

### First Amendment – Declaratory and Injunctive Relief

141. Defendants incorporate by reference their answers to Paragraphs 1–140.

142. Defendants admit that plaintiffs have a general right to engage in speech under the First Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment. Defendants deny that the challenged statute implicates First Amendment rights.

143. Paragraph 143 contains narrative argument and legal conclusions to which no response is required.

144. Paragraph 144 contains narrative argument and legal conclusions to which no response is required.

145. Paragraph 145 contains narrative argument and legal conclusions to which no response is required.

146. Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 146.

147. Paragraph 147 contains narrative argument and legal conclusions to which no response is required. Defendants deny the remaining allegation, that the Department's position is that if plaintiffs can speak, they have to comply with the challenged statutes.

148. Paragraph 148 contains narrative argument and legal conclusions to which no response is required.

149. Paragraph 149 contains narrative argument and legal conclusions to which no response is required.

150. Paragraph 150 contains narrative argument and legal conclusions to which no response is required. Further, the statute referred to in Paragraph 150, Wis. Stat. § 440.52(1)(e)(4), speaks for itself. To the extent that the allegations in Paragraph 150 misstate or mischaracterize the law, defendants deny.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

153. Paragraph 153 contains narrative argument and legal conclusions to which no response is required.

154. Paragraph 154 contains narrative argument and legal conclusions to which no response is required.

155. Paragraph 155 contains narrative argument and legal conclusions to which no response is required.

156. Paragraph 156 contains narrative argument and legal conclusions to which no response is required.

157. Paragraph 157 contains narrative argument and legal conclusions to which no response is required.

158. Defendants deny the allegations in Paragraph 158.

159. Paragraph 159 contains narrative argument and legal conclusions to which no response is required.

160. Paragraph 160 contains narrative argument to which no response is required.

161. The statutory provision referred to in Paragraph 161, Wis. Stat. § 440.52(7), speaks for itself. To the extent that the allegations in Paragraph 161 misstate or mischaracterize the law, defendants deny. Defendants deny that the statute's purpose of preventing fraud is only "purported."

162. Paragraph 162 contains narrative argument and legal conclusions to which no response is required.

163. The statutory provision referred to in Paragraph 163, Wis. Stat. § 440.52(7), speaks for itself. To the extent that the allegations in Paragraph 163 misstate or mischaracterize the law, defendants deny.

164. Paragraph 164 contains narrative argument and legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 164,

22

that Masterson's course is approved by a trade certification board. Defendants deny that Wisconsin could implement an opt-in accreditation system that encourages the people of Wisconsin to patronize accredited schools but which does not prevent unaccredited schools from operating.

165.    Paragraph 165 contains narrative argument and legal conclusions to which no response is required.

166.    Paragraph 166 contains narrative argument and legal conclusions to which no response is required.

167.    Paragraph 167 contains narrative argument and legal conclusions to which no response is required.

168.    Paragraph 168 contains narrative argument and legal conclusions to which no response is required.

## REQUEST FOR RELIEF

**Response to relief requested**: Defendants deny that plaintiffs are entitled to the relief they have requested at page 29–30 of their complaint, or to any other relief.

**Further response**: Defendants deny any allegations in the complaint that are not expressly admitted in this answer.

## AFRIMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

23

2.     The Complaint may be time-barred by the applicable statute of limitations.

3.     Defendants reserve the right to name additional defenses as they may become known or otherwise in this action.

Dated this 20th day of May 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Faye B. Hipsman
FAYE B. HIPSMAN
Assistant Attorney General
State Bar #1123933

FRANCES REYNOLDS COLBERT
Assistant Attorney General
State Bar #1050435

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-9487 (FBH)
(608) 266-9226 (FRC)
(608) 294-2907 (Fax)
faye.hipsman@wisdoj.gov
frances.colbert@wisdoj.gov

24