IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES MASTERSON, *et al.*,

      Plaintiffs,

      v.

DAN HERETH, *et al.*,

      Defendants.

Case No. 26-cv-365-wmc

## **DECLARATION OF COLLEEN UHLENKAMP**

I, Colleen Uhlenkamp, pursuant to Wis. Stat. 887.015(6), declare as follows:

1. I make this declaration based on my personal knowledge and upon my review of the records maintained in the ordinary course of business.

2. I am a School Administration Consultant for the Educational Approval Program (EAP) at the Wisconsin Department of Safety and Professional Services. I have been employed in this role since April 30, 2018.

3. My job responsibilities include, but are not limited to, consulting and assisting schools and institutions seeking approval from the EAP. I also investigate and evaluate the schools and course programs when the department receives a complaint or report about a school not being in compliance with the EAP.

4. When evaluating schools for EAP coverage or exemptions, I evaluate the school's materials provided to the Department and any public information and advertising materials on the school's website and social media, pursuant to Wis. Admin. Code § SPS 404.03(1).

**Masterson Method and EAP in 2023**

5. On March 20, 2023, I received an email from a Minnesota-based equine massage business asking whether The Masterson Method, Inc. courses required EAP approval. The email contained a screenshot of a Facebook advertisement for Masterson Method.

6. The EAP is authorized to investigate any school upon receipt of a complaint from an interested person, or on its own accord, under Wis. Admin. Code § SPS 404.08(2).

7. In response to this inquiry, I reviewed the website, mastersonmethod.com. Two Advanced 5-Day Courses were scheduled for West Bend, Wisconsin, in July and October 2023. (Hipsman Dec. Ex. A.) I concluded that the EAP needed additional information from Masterson Method in order to complete a review on applicability.

8. On March 22, 2023, I sent an email to seminars@mastersonmethod.com and explained the EAP and EAP requirements. (Hipsman Dec. Ex. H.)

9. On March 24, 2023, I received an email back from Megan Dushin, Operations Officer and MMCP Liaison, Masterson Equine Services. Ms. Dushin stated that she had questions about EAP and would like to connect over the phone. (Hipsman Dec. Ex. H.)

10. I sent Ms. Dushin a Microsoft Teams invite for March 27, 2023. Due to a miscommunication, the Teams meeting never happened. Ms. Dushin sent me an email explaining that she needed to reschedule and would be in touch. (Hipsman Dec. Ex. I.)

11. On April 7, 2023, I received an email from a second equine massage business reporting that Masterson Method was offering certifications in Wisconsin. The individual provided me with screenshots advertising courses for the Masterson Method certification course in Wisconsin. (Facebook screenshot.)

12. On April 7, 2023, after I received the second email report about Masterson Method, I sent a follow-up email to Ms. Dushin saying that Masterson Method needed to discontinue advertising for, recruiting, enrolling, or attempting to offer training to Wisconsin residents while she was preparing her questions about EAP. (Hipsman Dec. Ex. I.)

13. On April 9, 2023, I received an email from Jim Masterson. Mr. Masterson stated that he believed his courses met the avocational exception in Wis. Stat. § 440.52(1)(e)4. (Hipsman Dec. Ex. J.)

14. On April 10, 2023, I sent Mr. Masterson an email stating that based on the materials on his website, I disagreed with his assessment that the Masterson Method Advanced 5-Day Course does not have an occupational objective. I invited Mr. Masterson to provide me with documentation for the Advanced 5-Day Course to be reviewed further. (Hipsman Dec. Ex. J.)

15. On April 12, 2023, I received an email from Mr. Masterson stating that he had removed advertising for all his Wisconsin courses. Mr. Masterson inquired whether he could offer other courses, specifically, "Light to Core Seminar" and "Beyond Horse Massage Weekend Seminar" which Mr. Masterson believed targeted horse owners for recreational purposes. (Hipsman Dec. Ex. J.)

16. On April 12, 2023, I sent an email responding to Mr. Masterson's inquiry. I stated that the Advanced 5-Day Course was the focus of my concerns because it was scheduled for Wisconsin and I saw it promoted when I reviewed the website on March 22, 2023. I informed Mr. Masterson that he needed to send me course materials for any course or program he believed was avocational and therefore subject to Wis. Stat. § 440.52(1)(e)'s exemption. (Hipsman Dec. Ex. J.)

17. On April 14, 2023, Mr. Masterson sent me the Beyond Horse Massage Weekend Seminar Student Outline and Seminar Outline for Instructors. (Hipsman Dec. Exs. K, L.)

18. I reviewed the materials that Masterson sent me and re-reviewed his website and social media marketing materials. The 2023 version of the Masterson Method website is available via the Wayback Machine archive. (Hipsman Dec. Exs. A–D.)

19. Based on these materials, I determined that Masterson Method offered vocational programming because it positioned its programs to lead to vocational objectives. Specifically, Masterson Method offered a multi-step certified practitioner program positioned to prepare equine therapists and trainers for the vocation and profession of equine bodywork. The Advanced 5-Day Course was advertised as a step in the certified practitioner program. The certified practitioner program description included the following statements:

a. "The Practitioner Certification program attracts horse-people for a variety of reasons:" including:

i. "to develop skills as a professional equine bodyworker" and

ii. "to have a vocation where you're giving back to the horse."

b. "For those who want to start their own Masterson Method equine bodywork business, the Fieldwork and Masterson Method Certified Practitioner Program are your next step after the Advanced 5-day Course."

c.      "Fieldwork Students will demonstrate their proficiency and learn new Techniques to complete their certification and launch their Masterson Method equine bodywork business."

d.      "Only Masterson Method Certified Practitioners may use the Masterson Method® name and logo in their bodywork business." (Wayback certification description) (Hipsman Dec. Exs. A–D.)

20.     Therefore, I determined that the programmatic offering was not avocational or recreational.

21.     On April 21, 2023, I sent Mr. Masterson an email informing him of EAP's determination. I further informed Mr. Masterson that he would need to seek EAP approval to offer the Beyond Horse Massage Weekend Seminar in Wisconsin or to Wisconsin residents. (Hipsman Dec. Ex. J.)

22.     On April 25, 2023, Mr. Masterson sent me an email that said Masterson Method would work on compliance with Wisconsin law. (Hipsman Dec. Ex. J.)

23.     I did not receive a response or any other communication from Mr. Masterson or anyone else from Masterson Method. To my knowledge, no one else at the Department communicated further with anyone from Masterson Method after April 25, 2023.

24.     Based on my personal knowledge and involvement in this matter, Masterson in 2023 did not seek review of the EAP's determination, including under Wisconsin's Administrative Procedure Act, Wis. Stat. § 227.52.

I declare under penalty of false sweating under the law of Wisconsin that the foregoing is true and correct.

Signed on this 18th day of June 2026, Madison, Wisconsin.

_____

COLLEEN UHLENKAMP